COPY

FILED

10 AUG -6 PM 3: 06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Attorneys for Defendant
AT&T MOBILITY LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA BURTESCU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV10 5869-DSF (PJWx)<br><br>California State Court Case No. BC 440907<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**(DIVERSITY JURISDICTION— CLASS ACTION FAIRNESS ACT)** |

Case 2:10-cv-05869-DSF -PJW    Document 1    Filed 08/06/10    Page 2 of 58    Page ID #:2

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2  PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and

3  1446, Defendant AT&T Mobility LLC ("ATTM") hereby removes to this Court

4  the state-court action described below.[1]

## STATEMENT OF JURISDICTION

6  This is a civil action for which this Court has original jurisdiction under 28

7  U.S.C. § 1332, and is one that may be removed to this Court by ATTM, pursuant

8  to 28 U.S.C. §§ 1441 and 1332(d)(2)(A) for the reasons below.[2]

## BASES FOR DIVERSITY AND REMOVAL

10  1.  On July 1, 2010, Plaintiff Alexandra Burtescu filed a purported

11  nationwide class action in the Superior Court of the State of California for the

12  County of Los Angeles entitled:  *ALEXANDRA BURTESCU, Individually and on*

13  *Behalf of All Others Similarly Situated, Plaintiff v. AT&T MOBILITY LLC, and*

14  *DOES 1 through 50, Inclusive, Defendants*; Case Number BC-440907.

15  2.  On July 7, 2010, ATTM was served with the Summons, Complaint,

16  ADR Packet, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and

17  Statement of Location, and Notice of Case Assignment.  Pursuant to 28 U.S.C.

18  § 1446(a), true and correct copies of all process, pleadings, and orders served upon

19  ATTM are attached to this Notice of Removal as Exhibit 1

20  3.  This Notice has been filed timely pursuant to 28 U.S.C. § 1446(b).

21  4.  The California Superior Court for the County of Los Angeles is

22  located within the Western Division of the Central District of California.  28

23  U.S.C. § 84(c)(2).  This Notice of Removal is therefore properly filed in this Court

24  pursuant to 28 U.S.C. § 1441(a).

---

[1]  AT&T Mobility LLC is indirectly owned by AT&T Inc., which is the only publicly held corporation with a 10% or more ownership interest in AT&T Mobility LLC.

[2]  ATTM's relationships with its customers are governed by service contracts that contain agreements to arbitrate.  ATTM hereby reserves its right to compel Plaintiff to arbitrate his claims in accordance with his arbitration agreement.

1

5.      The Court has jurisdiction over this action pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over putative class actions with more than 100 class members where the aggregate amount in controversy exceeds $5 million, and any member of the class of plaintiffs is a citizen of a state different from any defendant.  As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

6.      **Covered Class Action.**  This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure."  28 U.S.C. §§ 1332(d)(1)(B), 1435(a) & (b).  Burtescu does not identify the statute pursuant to which this action is brought.  *See* Compl. ¶ 15.  However, in California state court, class actions are brought pursuant to the class mechanism in Section 382 of the California Code of Civil Procedure.

7.      **Class Action Consisting of More than 100 Members.**  In her complaint, Burtescu alleges that "the members of the Class are so numerous that joinder of all members is impracticable."  Compl. ¶ 15(b).  The Class is defined to include two sub-classes:

> Sub-Class No. 1 – Any person and/or business entity who were mobile phone (smart phone) customers of Defendants and who purchased International Data Plans from the Defendants to cover international roaming charges billed after the customer's return to the United States.

> Sub-Class No. 2 – Any person and/or business entity who were mobile phone (smart phone) customers of Defendants and who were billed after the expiration of their plan for international roaming charges actually incurred during the time their plan was in force and effect.

Complaint ¶ 15(a).  Assuming the truth of Burtescu's allegations that ATTM's subscribers with international data plans were marketed to them in the manner that

2

1  Burtescu alleges, the aggregate number of class members greatly exceeds CAFA's
2  requirement of at least 100 persons.  28 U.S.C. § 1332(d)(5)(B).  According to
3  ATTM's records, since October 2007, its subscribers have signed up for hundreds
4  of thousands of international data plans.  *See* Decl. of Steven Hearn ¶ 5.

5       8.    **Diversity.**  Pursuant to 28 U.S.C. § 1332(d)(2)(A), each plaintiff is a
6  "citizen of a State different from any defendant."  Burtescu alleges that she is "a
7  resident of Los Angeles County, California."  Compl. ¶ 6.  By contrast, ATTM is,
8  and was at the time of the filing of this action, a limited liability company
9  organized and existing under the laws of Delaware, with its headquarters and
10  principal place of business in Georgia.  Decl. of Carolyn J. Wilder ¶ 3.
11  Accordingly, Burtescu is a citizen of a state (California) different from ATTM
12  (Delaware and Georgia (*see* 28 U.S.C. §§ 1332(c), (d)(10)), thus satisfying the
13  diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

14       9.    **Amount in Controversy.**  Under CAFA, the claims of the individual
15  class members are aggregated to determine if the amount in controversy exceeds
16  the required "sum or value of $5,000,000, exclusive of interest and costs."  28
17  U.S.C. §§ 1332(d)(2), (d)(6); *see also Lowdermilk v. US Bank Nat'l Ass'n*, 479
18  F.3d 994, 1004 (9th Cir. 2007).  While ATTM denies the claims alleged in
19  Burtescu's Complaint and further denies that she, or any putative class member, is
20  entitled to any monetary or injunctive relief, the amount in controversy here
21  satisfies the jurisdictional threshold, as explained below.

22       10.    **Amount in Controversy – Compensatory Damages.**  Burtescu's
23  Complaint itself is silent as to the amount of damages sought, but given the size of
24  the putative class and the monetary relief sought, the amount in controversy
25  exceeds $5 million, exclusive of interest and costs.  This action is a putative
26  nationwide class action in which Burtescu alleges that ATTM has "deceived"
27  customers who will travel internationally "into believing that they need
28  International Data Plans that are two or three months or more longer than needed

3

to cover their charges," thus inducing those customers to purchase "excess and unnecessary coverage from" ATTM. Compl. ¶ 12. Specifically, Burtescu alleges that although her was planning a trip abroad "last[ing] approximately three weeks," she was induced to "purchase[] from [ATTM] an International Data Plan covering her for three months." *Id.* ¶ 13. Burtescu further alleges that her experience is "typical" of that of an entire putative nationwide class of smart phone customers. *Id.* ¶ 15(e). Burtescu defines the class to include the following two sub-classes:

> Sub-Class No. 1 – Any person and/or business entity who were mobile phone (smart phone) customers of Defendants and who purchased International Data Plans from the Defendants to cover international roaming charges billed after the customer's return to the United States.

> Sub-Class No. 2 – Any person and/or business entity who were mobile phone (smart phone) customers of Defendants and who were billed after the expiration of their plan for international roaming charges actually incurred during the time their plan was in force and effect.

*Id.* ¶ 15(a). Based on these underlying allegations, Burtescu claims that ATTM violated the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) and the California False Advertising Law (*id.* §§ 17500 *et seq.*), committed breach of contract and engaged in fraud, negligent misrepresentation, and unjust enrichment. Compl. ¶¶ 16-55. Burtescu demands compensatory damages, restitution, injunctive and other equitable relief, attorneys' fees, costs and prejudgment interest. *Id.*, p. 16:7-13.

   11. Based on the allegations contained in Burtescu's Complaint, the amount in controversy with respect to compensatory damages *alone* exceeds $5 million. In the past three years, ATTM has offered a variety of international data features. Hearn Decl. ¶ 3. According to ATTM's records, between October 1, 2007 and June 30, 2010, ATTM subscribers added an international data feature to a line of service and then cancelled it between two and four months later

4

1  approximately 146,629 times. *Id.* ¶ 5. Even if only the last month that these

2  subscribers kept these features was longer than needed—and Burtescu alleges that

3  ATTM tricks subscribers into keeping features for two or three extra months—the

4  total amount charged for that extra month was approximately $7,496,029. *Id.* ¶ 6.

5  While ATTM contends that neither Burtescu nor putative class members are

6  entitled to any damages, the amount placed in controversy by her Complaint

7  clearly exceeds $5 million.

8      12.    **Amount in Controversy – Attorneys' Fees.**  Burtescu also seeks

9  attorneys' fees.  Compl. p. 16:10.  Thus, the Court should also consider her

10 attorneys' fees request in determining whether the amount in controversy exceeds

11 $5 million. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir.

12 2007) (*citing Gibson*, 261 F.3d at 942-43).

13     13.    In accordance with 28 U.S.C. § 1446(d), ATTM is serving Burtescu

14 with a copy of a Notice to Plaintiff of Filing of Notice of Removal of Action

15 Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  A true and correct copy of that

16 Notice to Plaintiff is attached hereto as Exhibit 2 and is incorporated by reference.

17     14.    Pursuant to 28 U.S.C. § 1446(d), ATTM is also filing in the Superior

18 Court of California for Los Angeles County, and has served the same upon

19 Plaintiff, a Notice to Superior Court of Filing of Removal of Action Pursuant to 28

20 U.S.C. §§ 1332, 1441, and 1446.  A true and correct copy of that Notice to

21 Superior Court is attached hereto as Exhibit 3 and incorporated by reference.

22

23 Dated:  August 6, 2010                MAYER BROWN LLP
24                                       JOHN NADOLENCO
25                                       By:_____
26                                          John Nadolenco
                                           Attorneys for Defendant
27                                         AT&T MOBILITY LLC
28

NOTICE OF REMOVAL

# EXHIBIT 1

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** AT&T Mobility LLC, and DOES 1
*(AVISO AL DEMANDADO):* through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Alexandra Burtescu,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individually and on
Behalf of All Others Similarly Situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY
OF ORIGINAL FILED**
Los Angeles Superior Court

JUL 01 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. El LaFLEUR-CLAYTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>600 S. COMMONWEALTH AVENUE<br>LOS ANGELES, CA 90005<br>CENTRAL CIVIL WEST | **CASE NUMBER:**<br>*(Número del Caso):*<br>**BC440907** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul G. Szumiak, Esq.    213-473-1900   213-473-1919
RINGLER KEARNEY ALVAREZ, LLP
633 West Fifth Street, 28th Floor
Los Angeles, CA 90071

DATE: _____ Clerk, by _____, Deputy
*(Fecha)*     *(Secretario)*          *(Adjunto)*

AMBER LaFLEUR-CLAYTON

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]
JUL 01 2010

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

JUL 01 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

Jerome L. Ringler, Esq. (SBN 59918)
Thomas A. Kearney, Esq. (SBN 90045)
Paul Alvarez, Esq. (SBN 115350)
Paul G. Szumiak (SBN 109982)
**RINGLER KEARNEY ALVAREZ, LLP**
633 West Fifth Street, 28th Floor
Los Angeles, CA 90071
Tel: (213) 473-1900; Fax: (213) 473-1919
jringler@rkallp.com, tkearney@rkallp.com,
palvarez@rkallp.com, pszumiak@rkallp.com

Attorneys for Plaintiff, Individually and on
Behalf of All Others Similarly Situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| ALEXANDRA BURTESCU,  Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> AT&T MOBILITY LLC,  and DOES 1 through 50, Inclusive, <br><br> Defendants. | Case No.  **BC440907** <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1.  **Unfair Competition in Violation of California Business & Professions Code §§ 17200, et seq.;** <br> 2.  **False Advertising in Violation of California Business & Professions Code §§17500, et seq.;** <br> 3.  **Fraud;** <br> 4.  **Negligent Representation;** <br> 5.  **Breach of Contract** <br> 6.  **Unjust Enrichment** |

### INTRODUCTION

1.      This is a nationwide class action on behalf of all persons and business entities who entered into wireless phone (smart phone) service agreements with, and purchased International Data Plans from, Defendants, AT&T MOBILITY LLC, and DOES 1 through 50 ("Defendants").

2.      It has been Defendants' practice to make false and misleading representations to consumers who have wireless phone agreements with Defendants to induce consumers into purchasing International Data Plans in order to avoid "international roaming charges." (In wireless telecommunications, roaming is a general term that refers to the extending of connectivity service

-1-

1   in a location that is different from the home location where the service was registered.)  If a

2   consumer carries his or her mobile phone outside of the United States, he or she faces the possibility

3   of exorbitant roaming charges amounting to hundreds of dollars whenever the phone is turned on,

4   because the phone constantly and automatically checks for emails without the consumer prompting

5   for such, as well as whenever the consumer accesses the internet.  In order to avoid these exorbitant

6   charges, Defendants recommend that consumers purchase an "International Data Plan" that will

7   cover the aforesaid roaming charges for a fixed period (*e.g.*, one, two, three months or more) and at

8   a fixed price.  However, Defendants induce consumers to purchase International Data Plans that

9   cover a significantly longer period than is needed, by misrepresenting or failing to disclose relevant

10  facts concerning how the consumer is charged when his or her phone is used outside the United

11  States.

12         3.      For example, a consumer may wish to purchase an International Data Plan that will

13  cover his or her mobile phone for a trip outside the United States lasting slightly less than a month.

14  In fact, he or should would not need an International Data Plan that was any longer than one month

15  to cover him or her for that period.  However, Defendants would induce such a consumer to buy an

16  International Data Plan lasting two, three, four months or more – a considerably longer period than

17  the consumer needed – by falsely representing that foreign connectivity providers would be billing

18  the consumer through Defendants as late as three months after the services were provided.

19  Defendants referred to this as "delayed billing."

20         4.      In fact, the "delayed billing" that Defendants warn of does not exist, because

21  Defendants are <u>instantly</u> notified electronically when a foreign connectivity provider provides

22  services, including the charged amounts for those services.  Thus, if a mobile phone user is outside

23  the United States for one month, all of his or her charges would be incurred, and the Defendants

24  would be notified of that use, within that one month period.  However, Defendants induced mobile

25  phone users to buy International Data Plans lasting two or three months or more longer than needed

26  by falsely representing that Defendants are not notified of the foreign charges until as long as 90 days

27  after such charges are incurred, and failing to disclose that, in fact, Defendants are notified of those

28  charges at the time of the International use by the consumer.

-2-

**CLASS ACTION COMPLAINT**

1      5.     Moreover, the Defendants inflict further damages on their customers as a result of

2  their false misrepresentations about "delayed billing," by billing them for International Roaming

3  charges after the expiration of the International Data Plans, where the charges resulted from the

4  consumer's use of the phone during the time the International Data Plan was in force and effect.

**PARTIES**

6  **Plaintiff**

7      6.     Plaintiff, ALEXANDRA BURTESCU (hereinafter "Plaintiff"), is an individual

8  residing in the County of Los Angeles, State of California.

9  **Defendants**

10      7.     Defendant, AT&T MOBILITY LLC (hereinafter "AT&T"), is a mobile phone

11  company doing business in the State of California and the other United States.

12      8.     Plaintiff does not know the true names or capacities, whether individual, partner or

13  corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason said

14  Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this Complaint

15  when their true names and capacities are known.  Plaintiff is informed and believes and thereon

16  alleges that each of said fictitious Defendants was responsible in some way for the matters alleged

17  herein and proximately caused Plaintiff and the members of the Class to be subject to the improper

18  and/or illegal acts, practices, wrongs, errors, omissions, conduct and damages complained of herein.

19  At all times mentioned, each of said fictitious Defendants participated in the acts hereinafter alleged

20  to have been done by AT&T.  All wrongful acts alleged by Plaintiff and the Plaintiff Class were

21  ratified, condoned and authorized by AT&T, both expressly and by implication.  At all times herein

22  mentioned, the acts, practices, wrongs, errors, omissions and other conduct of the Defendants

23  proximately caused the injuries and damages herein alleged.  Each of the Defendants was the agent,

24  employee, employer, partner, co-conspirator and joint venturer of each of the other remaining

25  Defendants, and in doing the things hereinafter alleged, each was acting within the course and scope

26  of said agency, employment, partnership, conspiracy, and joint venture, and acting with the advance

27  knowledge and acquiescence or subsequent ratification and approval of each and every remaining

28  Defendant.

-3-
**CLASS ACTION COMPLAINT**

1    9.    Venue is proper in this Court because Plaintiff is informed and believes and thereon

2    alleges that Defendants do business in this judicial district, and that a substantial part of the acts and

3    omissions giving rise to the claims of the Plaintiff and the Class occurred within this judicial district.

4                              **GENERAL ALLEGATIONS**

5    10.    Plaintiff is informed and believes and alleges thereon that at all relevant times,

6    Defendants, and each of them, were and are now engaged in marketing and providing wireless

7    (mobile) phone services to consumers.

8    11.    Plaintiff is informed and believes and alleges thereon that at all relevant times,

9    Defendants, and each of them, had in place, a custom and practice of making representations to

10   wireless phone consumers that in order to avoid exorbitant international roaming charges when

11   carrying their phones outside the United States, consumers need to purchase an International Data

12   Plan that will cover the consumers for said charges for a fixed period and at a fixed price.

13   Defendants induce wireless phone consumers to buy such International Data Plans for periods lasting

14   two or three months or more, longer than the consumer will be outside the United States by

15   representing that some of the charges the consumers will incur will be delayed by as long as 90 days.

16   12.    Plaintiff is informed and believes and alleges thereon that such representations are

17   false, because, in fact, Defendants are <u>instantly</u> notified electronically when a foreign connectivity

18   provider provides services, including the charged amounts for those services.  Based on said

19   misrepresentations and failures to disclose the way charges are actually incurred, consumers are

20   likely to be, and have been, deceived into believing that they need International Data Plans that are

21   two or three months or more longer than needed to cover their charges, and they have been induced

22   to purchase such excess and unnecessary coverage from Defendants.

23   13.    Plaintiff is an individual consumer, who entered into a wireless phone (smart phone)

24   service agreement with AT&T.  In July, 2008, she was planning a trip outside the United States that

25   she knew would last approximately three weeks.   Shortly before she left on her trip, an agent of

26   AT&T told Plaintiff that if she was planning to take her mobile phone outside the United States for

27   three weeks, she would need to purchase from AT&T an International Data Plan covering her for

28   three months in order to avoid "delayed billing" of international roaming charges.  Relying on the

-4-

1  AT&T agent's representations, Plaintiff purchased from AT&T an International Data Plan covering

2  her for three months, when, in fact, Plaintiff only needed less than one month's worth of coverage

3  for the amount of time she was planning to take her mobile phone outside the United States.

4  **CLASS ACTION ALLEGATIONS**

5      14.    Plaintiff repeats and incorporates by reference as though set forth in full herein,

6  Paragraphs 1-13, above.

7      15.    Plaintiff brings this action as a class action.

8      a.    **Definition of Classes** - The Classes are defined as follows:

9          Sub-Class No. 1 – Any person and/or business entity who were mobile phone (smart

10         phone) customers of Defendants and who purchased International Data Plans from

11         the Defendants to cover international roaming charges billed after the customer's

12         return to the United States.

13         Sub-Class No. 2 – Any person and/or business entity who were mobile phone (smart

14         phone) customers of Defendants and who were billed after the expiration of their

15         plan for international roaming charges actually incurred during the time their plan

16         was in force and effect.

17     b.    **Approximate Size of Class** – Plaintiff is informed and believes and thereon alleges

18         that the members of the Class are so numerous that joinder of all members is

19         impracticable.

20     c.    **Adequacy of representation** - The Class is adequately represented by Rosalind

21         Smith and by its counsel, Ringler Kearney Alvarez, LLP, who are highly experienced

22         in class action litigation and in civil trials, including class action trials, and who

23         possess adequate skill and resources to aggressively pursue this matter.

24     d.    **Commonality** – There are questions of law and fact which are common to the

25         members of the Class and which predominate over any questions affecting only

26         individual members. Among the questions of law and fact common to the Class are:

27         i.    Whether Defendants had a custom and practice of misrepresenting to their

28             mobile phone (smart phone) customers that the customers would need to

-5-
**CLASS ACTION COMPLAINT**

1    purchase International Data Plans from Defendants covering significantly

2    longer periods than the customers actually needed in order to avoid

3    international roaming charges when said customers carried their mobile phones

4    outside of the United States.

5    ii.    Whether, as a result of the aforesaid misrepresentations, Defendants' customers

6    were induced to purchase International Data Plans covering significantly longer

7    periods than the customers actually needed in order to avoid international

8    roaming charges when said customers carried their mobile phones outside of

9    the United States.

10   iii.   Whether Defendants made the aforesaid misrepresentations negligently or

11   intentionally.

12   iv.    Whether the aforesaid misrepresentations by Defendants constituted unfair

13   competition under California's unfair competition laws.

14   v.     Whether the aforesaid misrepresentations by Defendants constituted false

15   advertising under California's false advertising laws.

16   vi.    Whether the aforesaid business practices of Defendants constituted a breach of

17   contract.

18   vii.   Whether the Defendants were unjustly enriched as a result of the aforesaid

19   deceptive business practices.

20   viii.  Whether the Defendants were unjustly enriched through its practice of billing

21   customers for international roaming charges after the expiration of the

22   International Data Plans purchased by consumers.

23   ix.    Whether the Defendants' representations regarding any "delayed billing" by

24   the foreign carrier were false or misleading.

25   e.    **Typicality** – Plaintiff's claims and the damages she suffered are typical of the defined

26   class insofar as Plaintiff was and is a mobile phone (smart phone) customer of

27   Defendants who was induced by Defendants to purchase an International Data Plan

28   from Defendants providing coverage for a significantly longer period of time than the

1         Plaintiff actually needed in order to avoid international roaming charges for the amount

2         of time the Plaintiff planned to carry her mobile phone outside of the United States.

3   f.     The above-referenced common questions of law and fact predominate over the

4         individual issues affecting only individual Class members' claims. Specifically, the

5         damages each Class member has suffered as a result of Defendants' practices can be

6         calculated from Defendants' records without the necessity of a claims process.

7         Defendants have records of the dates encompassed by each Class member's

8         International Data Plan, as well as the dates and amounts of charges actually incurred

9         by the Class members while they were carrying their mobile phones outside of the

10        United States. Defendants records will also show when the customers' phones were

11        first used in the United States after the international travel, and will thereby establish

12        the amount of damages suffered by both proposed sub-classes. Given the large number

13        of Class members, a class action is superior to other available methods for the fair and

14        efficient adjudication of the controversy.

15  g.    **The nature of notice to the proposed class required and/or contemplated:**  No

16        notice is required to be given for the declaratory and injunctive relief sought by the

17        counts alleged hereinafter. Reasonable notice will be required for the class-wide

18        damage and restitutionary claims.

19  **FIRST CAUSE OF ACTION**

20  **FOR UNFAIR COMPETITION UNDER CALIFORNIA *BUSINESS***

21  **_& PROFESSIONS CODE_ § 17200, _et seq_**

22  **(By Plaintiff, Individually and On Behalf of All Other**

23  **California Consumers Similarly Situated, Against All Defendants)**

24  16.    Plaintiff repeats and realleges each and every allegation set forth in

25  Paragraphs 1 through 15, inclusive, as if fully set forth herein.

26  17.    Plaintiff is informed and believes and thereon alleges that by the statements,

27  representations, half-truths, and omissions alleged herein, Defendants violated California *Business*

28  *& Professions Code* § 17200, *et seq.*

18.     On behalf of herself and all other California Class members, Plaintiff hereby seeks injunctive, restitutionary and other equitable relief, as appropriate, against Defendants for their violations of California *Business & Professions Code* § 17200, *et seq.*

19.     Defendants' representations, statements, half-truths, and omissions alleged hereinabove were false, misleading, and likely to deceive Plaintiff and the other members of the Class in California, because they failed to state the true facts as follows: (a) mobile phone (smart phone) customers who wanted to avoid international roaming charges while traveling outside of the United States only needed to buy International Data Plans that were roughly equivalent to the actual travel period, and (b) that the Defendants are instantly notified electronically when a foreign connectivity provider provides services, including the amounts charged for those services.  Thus, both of the proposed Sub-Classes were injured by the Defendant's misrepresentations: Sub-Class No. 1, by purchasing plans for a period of time greater than when the customers phone was used outside the United States, and Sub-Class No. 2, by being billed after the expiration of the plan for international usage during the time the plan was in force and effect.

20.     Plaintiff is informed and believes and upon such information and belief alleges that Plaintiff and the other members of the Class in California, despite the exercise of reasonable diligence, were deceived by said representations, statements, half-truths, and omissions.

21.     In making and disseminating the statements herein alleged, Defendants knew, or by the exercise of reasonable care should have known, that their statements were untrue, misleading and likely to deceive, and constituted acts of unfair competition in violation of section 17200, *et seq.*, of the California *Business & Professions Code.*

22.     As a result of and in reliance upon the foregoing acts of unfair competition, Plaintiff and all other members of the Class in California were wrongfully deprived of monies they paid for Defendants' International Data Plans in excess of the coverage that was actually needed.

23.     Pursuant to California *Business & Professions Code* § 17203 and based upon all of the foregoing, Plaintiff requests that the Court enter an order compelling Defendants to make restitution of and to disgorge the monies collected from Plaintiff and all other members of the Class in California and wrongfully retained by Defendants as a result of Defendants' unfair business

1   practices, and enjoining Defendants from engaging in such unfair business practices in the future,

2   as follows:

3       a.   Requiring Defendants to restore to Plaintiff and all other members of the Class in

4            California a sum of money equal to the amounts paid for International Data Plan

5            coverage that was not actually needed; and

6       b.   Requiring Defendants to restore to Plaintiff and all other members of the Class in

7            California a sum of money equal to the amounts paid for international roaming charges

8            after the expiration of the International Data Plan  for international usage during the

9            time the plan was in force and effect.

10      c.   Enjoining and requiring Defendants to cease and desist from making the

11           representations, statements, half-truths and omissions, and otherwise engaging in the

12           conduct set forth hereinabove.

13                              **SECOND CAUSE OF ACTION**

14                  **FOR FALSE ADVERTISING IN VIOLATION OF CALIFORNIA**

15                    ***BUSINESS & PROFESSIONS CODE* §§ 17500, *et seq.***

16                  **(By Plaintiff, Individually and on Behalf of All Other**

17              **California Consumers  Similarly Situated, Against All Defendants)**

18          24.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1

19   through 23, inclusive, as if fully set forth herein.

20          25.   Plaintiff is informed and believes and thereon alleges that by the statements,

21   representations, half-truths and omissions alleged herein, Defendants, and each of them, violated

22   California *Business & Professions Code* § 17500, in that those statements, representations, half-

23   truths and omissions to Plaintiff and Class members in California, damaged Plaintiff and the class

24   as alleged herein, and that the true facts were known to Defendants, and each of them, or by the

25   exercise of reasonable care should have been known to said Defendants.

26          26.   On behalf of itself and all members of the Class in California, Plaintiff hereby seeks

27   injunctive, restitutionary and other equitable relief, as appropriate against Defendants for violations

28   of California *Business & Professions Code* § 17500.

-9-
**CLASS ACTION COMPLAINT**

27.     Plaintiff is informed and believes and thereon alleges that as a result of their false and misleading statements described above, Defendants have been and will be unjustly enriched by considerable sums in ill-gotten gains from the monies Defendants retained from mobile phone (smart phone) users as set forth herein, that should rightfully not have been charged to Plaintiff or any other of the Class members in California.

28.     Pursuant to California *Business & Professions Code* § 17535, and based upon all of the foregoing, Plaintiff requests that the Court enter an order compelling Defendants, and each of them, to make restitution of and to disgorge, the monies collected from Plaintiff and the other members of the Class and wrongfully retained by Defendants as a result of their false advertising, and enjoining Defendants from engaging in such unfair business practices in the future, as follows:

a.     Requiring Defendants to restore to Plaintiff and all other members of the Class in California a sum of money equal to the amounts paid for International Data Plan coverage that was not actually needed;

b.     Requiring Defendants to restore to Plaintiff and all other members of the Class in California a sum of money equal to the amounts paid for international roaming charges after the expiration of the International Data Plan  for international usage during the time the plan was in force and effect; and

c.     Enjoining and requiring Defendants to cease and desist from making the representations, statements, half-truths and omissions, and otherwise engaging in the conduct set forth hereinabove.

## THIRD CAUSE OF ACTION

## FOR FRAUD AND DECEIT

**(By Plaintiff, Individually and on Behalf of All Others Similarly Situated,**

**Against All Defendants)**

29.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 28, inclusive, as if fully set forth herein.

30.     Plaintiff is informed and believes and thereon alleges that the material representations, statements, and omissions alleged hereinabove concerning the nature of the

-10-

**CLASS ACTION COMPLAINT**

1   International Data Plans sold by Defendants and the length of coverage actually needed under such

2   plans were false, deceptive and misleading when Defendants made them, in that Defendants warned

3   customers that in order to avoid "delayed billing" of international roaming charges that would be

4   incurred while the customers were carrying their mobile phones outside of the United States, the

5   customers would need to purchase Defendants' International Data Plans covering the customers for

6   two or three months or more longer than the actual amount of time customers were going to be

7   outside of the country, while failing to disclose that there was, in fact, no significantly delayed

8   billing, because Defendants are instantly notified electronically when a foreign connectivity provider

9   provides services, including the charged amounts for those services.

10      31.   The aforesaid representations, statements, half-truths, and omissions were

11   communicated to Plaintiff and the other Class Members by Defendants and their agents and

12   employees including, but not limited to, Defendants' authorized sales representative, who was

13   authorized to do so by Defendants in his capacity as sales representative, and who communicated

14   such representations, statements, half-truths, and omissions to Plaintiff.

15      32.   Plaintiff is informed and believes and thereon alleges that Defendants made the

16   material representations, statements, half-truths, and omissions alleged above with knowledge of

17   their falsity and their tendency to deceive or mislead, or in reckless disregard as to their truth or

18   falsity.

19      33.   Defendants made the material representations, statements, half-truths, and omissions

20   alleged above with the intent to deceive and fraudulently induce Plaintiff and the other members of

21   the Class to purchase International Data Plans covering the customers for two or three months or

22   more longer than the actual amount of time customers were going to be outside of the United States,

23   and did so for the purpose of depriving them of money to which they were rightfully entitled and

24   which the customers would not have paid had Defendants disclosed the true material facts

25   concerning the periods of International Data Plan coverage actually needed.

26      34.   Plaintiff and the other members of the Class reasonably relied on such

27   representations, statements, half-truths, and omissions, and believed them to be true, and based

28   thereon, did enter into agreements with Defendants as set forth herein.

1    35.    As a direct and proximate result of Defendants' fraud, Plaintiff and the other members

2    of the Class suffered damages in an amount according to proof in a sum equal to the amounts the

3    Class paid for months of International Data Plan coverage that were not actually needed.

## FOURTH CAUSE OF ACTION

### FOR NEGLIGENT MISREPRESENTATION

**(By Plaintiff, Individually and on Behalf of All Others**

**Similarly Situated, Against All Defendants)**

8    36.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1

9    through 35, inclusive, as if fully set forth herein.

10    37.    Plaintiff is informed and believes and thereon alleges that AT&T's representations,

11    statements, and half-truths, as alleged hereinabove, were made negligently and without due care

12    being exercised to determine whether the statements made were true, false, or misleading when

13    made.

14    38.    Plaintiff is informed and believes and thereon alleges that Defendants warned mobile

15    phone (smart phone) customers that in order to avoid "delayed billing" of international roaming

16    charges that would be incurred while the customers were carrying their mobile phones outside of the

17    United States, the customers would need to purchase Defendants' International Data Plans covering

18    the customers for two or three months or more longer than the actual amount of time customers were

19    planning to be outside of the country.  In so doing, Defendants, and each of them, obligated

20    themselves to fully and truthfully disclose the material facts concerning how international roaming

21    charges are actually incurred and billed, *i.e.*, that there is no significant delay in billing, because

22    Defendants are <u>instantly</u> notified electronically when a foreign connectivity provider provides

23    services, including the charged amounts for those services.

24    39.    The aforesaid representations, statements, and half-truths were communicated to

25    Plaintiff and the other Class Members by Defendants and their agents and employees including, but

26    not limited to, Defendants' sales representative,  who was authorized to do so by Defendants in his

27    capacity as sales representative, and who communicated such representations, statements, and half-

28    truths to Plaintiff.

**CLASS ACTION COMPLAINT**

40.     Plaintiff is informed and believes and thereon alleges that Defendants negligently failed to fully and truthfully disclose all the material terms concerning Defendants' International Data Plans, and negligently failed to correct the misunderstandings created by their incomplete disclosures.

41.     The representations and half-truths were made for the purpose of inducing Plaintiff and the other members of the Class to purchase International Data Plans from Defendants covering the Class members for periods two or three months or more longer than were actually needed.

42.     Plaintiff and the other members of the Class reasonably relied on such representations, statements, and half-truths, and believed them to be fully true, and based thereon, did purchase International Data Plans from Defendants that covered the Class members for periods two or three months or more longer than were actually needed.

43.     As a direct and proximate result of these negligent misrepresentations, Plaintiff and the other members of the Class suffered the damages alleged herein.

### FIFTH CAUSE OF ACTION

### BREACH OF CONTRACT

**(By Plaintiff, Individually and on Behalf of All Others**

**Similarly Situated, Against All Defendants)**

44.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 43, inclusive, as if fully set forth herein.

45.     Plaintiff and the other mobile phone (smart phone) users who constitute the Class were induced, as alleged hereinabove, to enter into contracts with Defendants. These contracts were referred to as International Service Plans. These contracts were partly written and partly oral, and included the representations made by Defendants to the Class members that induced the Class members to enter into said International Service Plans.

46.     The material terms of the contracts between Plaintiff and the Class, on the one hand, and Defendants, on the other, were that in consideration for Plaintiff and each of the other members of the Class paying a monthly fee, they would not be charged exorbitant international roaming charges while traveling outside of the United States with their mobile phones.

-13-

**CLASS ACTION COMPLAINT**

47.     Plaintiff and the other members of the Class performed all of the obligations that were required to be performed by them under their contracts with Defendants.

48.     Defendants breached their contracts with Plaintiff and the other members of the Class by billing for, and collecting payments from Plaintiff and the other Class members for, months of coverage under the International Service Plans that were not actually needed in order to protect Plaintiff and the other Class members from the international roaming charges.

49.     Even if the aforesaid contracts can be construed to have included a term or terms allowing Defendants to bill for and collect payments from Plaintiff and the other Class members for such unnecessary coverage, any such term or terms are unconscionable, unfair, unlawful, or otherwise unenforceable.

50.     As a direct and proximate result of Defendants' breach of contract, Plaintiff and the other members of the Class suffered damages in an amount according to proof equal to the amounts of money paid by Plaintiff and the other Class members for months of coverage that were not really needed.

### SIXTH CAUSE OF ACTION

### UNJUST ENRICHMENT

**(By Plaintiff, Individually and on Behalf of All Others**

**Similarly Situated, Against All Defendants)**

51.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 50, inclusive, as if fully set forth herein.

52.     Plaintiff and the other Class members conferred a benefit on Defendants in the form of the monthly fees the Class paid to Defendants for coverage under the above-described International Service Plans.

53.     Defendants were aware of the monthly fees paid to Defendants by Plaintiff and the other Class members for coverage under the above-described International Service Plans. Defendants also knew, or by the exercise of reasonable care should have known, that Plaintiff and the other Class members were paying for months of coverage under the International Service Plans that were not really needed.  Nonetheless, Defendants failed to advise Plaintiff and the other Class

1    members that they were purchasing months of excessive coverage under the aforesaid International

2    Service Plans.

3         54.    Under the above-described circumstances, it would be inequitable and unjust for

4    Defendants to retain the benefits (the monies) Defendants received from Plaintiff and the other Class

5    members for excessive months of coverage under the International Service Plans.

6         55.    Accordingly, Plaintiff requests on behalf of the Class that the Court enter an order

7    compelling Defendants, and each of them, to make restitution by restoring to Plaintiff and all other

8    members of the Class a sum of money equal to the monthly fees paid by the Class for International

9    Data Plan coverage that was not actually needed.

10                                   **PRAYER**

11        **WHEREFORE**, Plaintiff and Class Members pray for judgment and other relief as follows:

12        1.    Certification of this action as a class action, with the Plaintiff as a representative of

13    the Class, and its counsel, Ringler Kearney Alvarez LLP, as class counsel;

14        2.    For compensatory damages;

15        3.    For restitution;

16        4.    For injunctive and other equitable relief;

17        5.    For attorneys' fees as allowed by law;

18        6.    For costs of suit;

19        7.    For prejudgment interest, and

20        8.    For such other and further relief as the Court deems just and proper.

21

22

23

24    DATED: July 1, 2010              **RINGLER KEARNEY ALVAREZ, LLP**

25

26                                     By _____
                                            Paul G. Szumiak
27                                     Attorneys for Plaintiff, Alexandra Burtescu, Individually
                                       and on Behalf of All Others Similarly Situated
28

**CLASS ACTION COMPLAINT**

1  **DEMAND FOR JURY TRIAL**

2      Plaintiff, Alexandra Burtescu, Individually and on Behalf of All Others Similarly

3  Situated, hereby demands trial by jury in the above captioned matter.

4

5

6  DATED: July 1, 2010                    **RINGLER KEARNEY ALVAREZ, LLP**

7

8                                         By

9                                            Paul G. Szumiak
                                           Attorneys for Plaintiff, Alexandra Burtescu, Individually
                                           and on Behalf of All Others Similarly Situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

**CLASS ACTION COMPLAINT**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

BC440907

#### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Conrad Aragon | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | **Hon. Emilie H. Elias*** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk
                                                                                            By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)                     **NOTICE OF CASE ASSIGNMENT –**                     Page 1 of 2
LASC Approved  05-06                               **UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

. The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court.  ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR.  All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or. "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY/ZIP | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8585 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Paul G. Szumiak, Esq.   (SBN 109982)
RINGLER KEARNEY ALVAREZ, LLP
633 West Fifth Street, 28th Floor
Los Angeles, CA 90071

TELEPHONE NO.: 213-473-1900   FAX NO.: 213-473-1919
ATTORNEY FOR *(Name):* PLAINTIFF

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 01 20??

John A. Clarke, Executive Officer
By: A.E. LaFLEUR-CLAYTON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 600 S. COMMONWEALTH AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90005
BRANCH NAME: CENTRAL CIVIL WEST

CASE NAME: Alexandra Burtescu v. AT&T Mobility LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC440907 |
| | | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[X] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: JULY 1, 2010

Paul G. Szumiak, Esq.   (SBN 109982)
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

| SHORT TITLE: Alexandra Burtescu v. AT&T Mobility LLC | CASE NUMBER: BC440907 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 20    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☑ A6013  Fraud (no contract) | ①, 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| Alexandra Burtescu v. AT&T Mobility LLC | | |

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032   Quiet Title | 2., 6. |
| | | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| | SHORT TITLE: | CASE NUMBER |
|---|---|---|
| | Alexandra Burtescu v. AT&T Mobility LLC | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Alexandra Burtescu v. AT&T Mobility LLC | |

Item III. *Statement of Location*: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: CLASS ACTION; MUST BE FILED IN CENTRAL DISTRICT |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| LOS ANGELES | CA | 90005 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Los Angeles _____ courthouse in the Central Civil West District of the Los Angeles Superior Court  (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: July 1, 2010 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT 2

1   MAYER BROWN LLP
    JOHN NADOLENCO (State Bar No. 181128)
2   jnadolenco@mayerbrown.com
    350 South Grand Avenue, 25th Floor
3   Los Angeles, CA  90071-1503
    Telephone:    (213) 229-9500
4   Facsimile:    (213) 625-0248

5   Attorneys for Defendant
    AT&T MOBILITY LLC
6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

10

11  ALEXANDRA BURTESCU, individually and          Case No. BC 440907
    on behalf of all others similarly situated,
12                                                 **NOTICE TO PLAINTIFF OF FILING
                      Plaintiff,                    OF NOTICE OF REMOVAL OF
13                                                  ACTION PURSUANT TO 28 U.S.C.
            v.                                      §§ 1332, 1441, AND 1446**
14
    AT&T MOBILITY LLC, and DOES 1 through          **(DIVERSITY JURISDICTION—CLASS
15  50, inclusive,                                  ACTION FAIRNESS ACT)**

16                    Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

                                                   NOTICE TO PLAINTIFF OF FILING NOTICE OF REMOVAL

TO PLAINTIFF ALEXANDRA BURTESCU AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(d), on August 6, 2010, Defendant AT&T Mobility LLC filed a Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (Diversity Jurisdiction—Class Action Fairness Act) in the United States District Court for the Central District of California, Western Division.

A true and correct copy of the Notice of Removal (without exhibits or supporting declarations) is attached hereto as Exhibit "A" and is incorporated herein by this reference

Dated:   August 6, 2010

                          MAYER BROWN LLP
                          JOHN NADOLENCO

                          By: _____
                                John Nadolenco
                          Attorneys for Defendant
                          AT&T MOBILITY LLC

# EXHIBIT A

1  MAYER BROWN LLP
   JOHN NADOLENCO (SBN 181128)
2  jnadolenco@mayerbrown.com
   350 South Grand Avenue, 25th Floor
3  Los Angeles, CA 90071-1503
   Telephone: (213) 229-9500
4  Facsimile: (213) 625-0248

5  Attorneys for Defendant
   AT&T MOBILITY LLC

6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                 WESTERN DIVISION

11

12  ALEXANDRA BURTESCU,                    Case No.
    individually and on behalf of all others
13  similarly situated,                    California State Court Case
                                           No. BC 440907
14                   Plaintiff,
                                           DEFENDANT'S NOTICE OF
15         v.                              REMOVAL OF ACTION
                                           PURSUANT TO 28 U.S.C. §§ 1332,
16  AT&T MOBILITY LLC, and DOES 1          1441 AND 1446
    through 50, inclusive,
17                                         (DIVERSITY JURISDICTION—
                     Defendants.           CLASS ACTION FAIRNESS ACT)
18

19

20

21

22

23

24

25

26

27

28

                                                        NOTICE OF REMOVAL

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and

3    1446, Defendant AT&T Mobility LLC ("ATTM") hereby removes to this Court

4    the state-court action described below.[1]

5                    **STATEMENT OF JURISDICTION**

6    This is a civil action for which this Court has original jurisdiction under 28

7    U.S.C. § 1332, and is one that may be removed to this Court by ATTM, pursuant

8    to 28 U.S.C. §§ 1441 and 1332(d)(2)(A) for the reasons below.[2]

9                 **BASES FOR DIVERSITY AND REMOVAL**

10       1.    On July 1, 2010, Plaintiff Alexandra Burtescu filed a purported

11   nationwide class action in the Superior Court of the State of California for the

12   County of Los Angeles entitled:  *ALEXANDRA BURTESCU, Individually and on*

13   *Behalf of All Others Similarly Situated, Plaintiff v. AT&T MOBILITY LLC, and*

14   *DOES 1 through 50, Inclusive, Defendants*; Case Number BC-440907.

15       2.    On July 7, 2010, ATTM was served with the Summons, Complaint,

16   ADR Packet, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and

17   Statement of Location, and Notice of Case Assignment.  Pursuant to 28 U.S.C.

18   § 1446(a), true and correct copies of all process, pleadings, and orders served upon

19   ATTM are attached to this Notice of Removal as Exhibit 1

20       3.    This Notice has been filed timely pursuant to 28 U.S.C. § 1446(b).

21       4.    The California Superior Court for the County of Los Angeles is

22   located within the Western Division of the Central District of California.  28

23   U.S.C. § 84(c)(2).  This Notice of Removal is therefore properly filed in this Court

24   pursuant to 28 U.S.C. § 1441(a).

---

25   [1]    AT&T Mobility LLC is indirectly owned by AT&T Inc., which is the only
26   publicly held corporation with a 10% or more ownership interest in AT&T
     Mobility LLC.
27   [2]    ATTM's relationships with its customers are governed by service contracts
     that contain agreements to arbitrate.  ATTM hereby reserves its right to compel
28   Plaintiff to arbitrate his claims in accordance with his arbitration agreement.

1

5.     The Court has jurisdiction over this action pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over putative class actions with more than 100 class members where the aggregate amount in controversy exceeds $5 million, and any member of the class of plaintiffs is a citizen of a state different from any defendant.  As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

6.     **Covered Class Action.**  This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure."  28 U.S.C. §§ 1332(d)(1)(B), 1435(a) & (b).  Burtescu does not identify the statute pursuant to which this action is brought.  *See* Compl. ¶ 15.  However, in California state court, class actions are brought pursuant to the class mechanism in Section 382 of the California Code of Civil Procedure.

7.     **Class Action Consisting of More than 100 Members.**  In her complaint, Burtescu alleges that "the members of the Class are so numerous that joinder of all members is impracticable."  Compl. ¶ 15(b).  The Class is defined to include two sub-classes:

> Sub-Class No. 1 – Any person and/or business entity who were mobile phone (smart phone) customers of Defendants and who purchased International Data Plans from the Defendants to cover international roaming charges billed after the customer's return to the United States.

> Sub-Class No. 2 – Any person and/or business entity who were mobile phone (smart phone) customers of Defendants and who were billed after the expiration of their plan for international roaming charges actually incurred during the time their plan was in force and effect.

Complaint ¶ 15(a).  Assuming the truth of Burtescu's allegations that ATTM's subscribers with international data plans were marketed to them in the manner that

2

1    Burtescu alleges, the aggregate number of class members greatly exceeds CAFA's

2    requirement of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). According to

3    ATTM's records, since October 2007, its subscribers have signed up for hundreds

4    of thousands of international data plans. *See* Decl. of Steven Hearn ¶ 5.

5          8.    **Diversity**. Pursuant to 28 U.S.C. § 1332(d)(2)(A), each plaintiff is a

6    "citizen of a State different from any defendant." Burtescu alleges that she is "a

7    resident of Los Angeles County, California." Compl. ¶ 6. By contrast, ATTM is,

8    and was at the time of the filing of this action, a limited liability company

9    organized and existing under the laws of Delaware, with its headquarters and

10   principal place of business in Georgia. Decl. of Carolyn J. Wilder ¶ 3.

11   Accordingly, Burtescu is a citizen of a state (California) different from ATTM

12   (Delaware and Georgia (*see* 28 U.S.C. §§ 1332(c), (d)(10)), thus satisfying the

13   diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

14         9.    **Amount in Controversy**. Under CAFA, the claims of the individual

15   class members are aggregated to determine if the amount in controversy exceeds

16   the required "sum or value of $5,000,000, exclusive of interest and costs." 28

17   U.S.C. §§ 1332(d)(2), (d)(6); *see also Lowdermilk v. US Bank Nat'l Ass'n*, 479

18   F.3d 994, 1004 (9th Cir. 2007). While ATTM denies the claims alleged in

19   Burtescu's Complaint and further denies that she, or any putative class member, is

20   entitled to any monetary or injunctive relief, the amount in controversy here

21   satisfies the jurisdictional threshold, as explained below.

22         10.   **Amount in Controversy – Compensatory Damages**. Burtescu's

23   Complaint itself is silent as to the amount of damages sought, but given the size of

24   the putative class and the monetary relief sought, the amount in controversy

25   exceeds $5 million, exclusive of interest and costs. This action is a putative

26   nationwide class action in which Burtescu alleges that ATTM has "deceived"

27   customers who will travel internationally "into believing that they need

28   International Data Plans that are two or three months or more longer than needed

NOTICE OF REMOVAL

1  to cover their charges," thus inducing those customers to purchase "excess and
2  unnecessary coverage from" ATTM. Compl. ¶ 12. Specifically, Burtescu alleges
3  that although her was planning a trip abroad "last[ing] approximately three weeks,"
4  she was induced to "purchase[] from [ATTM] an International Data Plan covering
5  her for three months." *Id.* ¶ 13. Burtescu further alleges that her experience is
6  "typical" of that of an entire putative nationwide class of smart phone customers.
7  *Id.* ¶ 15(e). Burtescu defines the class to include the following two sub-classes:
8      Sub-Class No. 1 – Any person and/or business entity who were mobile
9      phone (smart phone) customers of Defendants and who purchased
10     International Data Plans from the Defendants to cover international roaming
11     charges billed after the customer's return to the United States.
12     Sub-Class No. 2 – Any person and/or business entity who were mobile
13     phone (smart phone) customers of Defendants and who were billed after the
14     expiration of their plan for international roaming charges actually incurred
15     during the time their plan was in force and effect.
16 *Id.* ¶ 15(a). Based on these underlying allegations, Burtescu claims that ATTM
17 violated the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200
18 *et seq.*) and the California False Advertising Law (*id.* §§ 17500 *et seq.*), committed
19 breach of contract and engaged in fraud, negligent misrepresentation, and unjust
20 enrichment. Compl. ¶¶ 16-55. Burtescu demands compensatory damages,
21 restitution, injunctive and other equitable relief, attorneys' fees, costs and
22 prejudgment interest. *Id.*, p. 16:7-13.
23     11.    Based on the allegations contained in Burtescu's Complaint, the
24 amount in controversy with respect to compensatory damages *alone* exceeds $5
25 million. In the past three years, ATTM has offered a variety of international data
26 features. Hearn Decl. ¶ 3. According to ATTM's records, between October 1,
27 2007 and June 30, 2010, ATTM subscribers added an international data feature to a
28 line of service and then cancelled it between two and four months later

4

approximately 146,629 times. *Id.* ¶ 5. Even if only the last month that these
subscribers kept these features was longer than needed—and Burtescu alleges that
ATTM tricks subscribers into keeping features for two or three extra months—the
total amount charged for that extra month was approximately $7,496,029. *Id.* ¶ 6.
While ATTM contends that neither Burtescu nor putative class members are
entitled to any damages, the amount placed in controversy by her Complaint
clearly exceeds $5 million.

      12.    **Amount in Controversy – Attorneys' Fees.** Burtescu also seeks
attorneys' fees. Compl. p. 16:10. Thus, the Court should also consider her
attorneys' fees request in determining whether the amount in controversy exceeds
$5 million. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir.
2007) (*citing Gibson*, 261 F.3d at 942-43).

      13.    In accordance with 28 U.S.C. § 1446(d), ATTM is serving Burtescu
with a copy of a Notice to Plaintiff of Filing of Notice of Removal of Action
Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of that
Notice to Plaintiff is attached hereto as Exhibit 2 and is incorporated by reference.

      14.    Pursuant to 28 U.S.C. § 1446(d), ATTM is also filing in the Superior
Court of California for Los Angeles County, and has served the same upon
Plaintiff, a Notice to Superior Court of Filing of Removal of Action Pursuant to 28
U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of that Notice to
Superior Court is attached hereto as Exhibit 3 and incorporated by reference.

Dated:  August 6, 2010          MAYER BROWN LLP
                                JOHN NADOLENCO

                                By:                            
                                   John Nadolenco
                                 Attorneys for Defendant
                                 AT&T MOBILITY LLC

**PROOF OF SERVICE BY MAIL**

I, Cristina Villa, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, 25th Floor, Los Angeles, California 90071-1503. On August 6, 2010, I served the within document **NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** by placing true and correct copies thereof in sealed envelopes with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

*Counsel for Plaintiff*
Jerome L. Ringler, Esq.
Thomas A. Kearney, Esq.
Paul Alvarez, Esq.
Paul G. Szumiak, Esq.
Ringler Kearney Alvarez LLP
633 West Fifth Street, 28th Floor
Los Angeles, CA 90071

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 6, 2010, at Los Angeles, California.

_____
Cristina Villa

# EXHIBIT 3

1 | MAYER BROWN LLP
JOHN NADOLENCO (State Bar No. 181128)
2 | jnadolenco@mayerbrown.com
350 South Grand Avenue, 25th Floor
3 | Los Angeles, CA 90071-1503
Telephone:   (213) 229-9500
4 | Facsimile:    (213) 625-0248

5 | Attorneys for Defendant
AT&T MOBILITY LLC

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| 11  ALEXANDRA BURTESCU, individually and on behalf of all others similarly situated, | Case No. BC 440907 |
| 12                  Plaintiff, | **NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL** |
| 13 | **OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| 14  v. | |
| 15  AT&T MOBILITY LLC, and DOES 1 through 50, inclusive, | **(DIVERSITY JURISDICTION—CLASS ACTION FAIRNESS ACT)** |
| 16                  Defendants. | |

17

18

19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. § 1446(d), on August 6, 2010, Defendant AT&T Mobility LLC filed a Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (Diversity Jurisdiction—Class Action Fairness Act) in the United States District Court for the Central District of California, Western Division, together with a copy of all pleadings and documents obtained from the state court file.

A true and correct copy of the Notice of Removal (without exhibits or supporting declarations) is attached hereto as Exhibit "A" and is incorporated herein by this reference.

Dated:    August 6, 2010

MAYER BROWN LLP
JOHN NADOLENCO

By: _____
John Nadolenco
Attorneys for Defendant
AT&T MOBILITY LLC

**EXHIBIT A**

1  MAYER BROWN LLP
   JOHN NADOLENCO (SBN 181128)
2  jnadolenco@mayerbrown.com
   350 South Grand Avenue, 25th Floor
3  Los Angeles, CA  90071-1503
   Telephone:  (213) 229-9500
4  Facsimile:  (213) 625-0248

5  Attorneys for Defendant
   AT&T MOBILITY LLC

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12  ALEXANDRA BURTESCU,                │ Case No.
    individually and on behalf of all others │
13  similarly situated,                       │ California State Court Case
                                              │ No. BC 440907
14               Plaintiff,                   │
                                              │ DEFENDANT'S NOTICE OF
15        v.                                  │ REMOVAL OF ACTION
                                              │ PURSUANT TO 28 U.S.C. §§ 1332,
16  AT&T MOBILITY LLC, and DOES 1             │ 1441 AND 1446
    through 50, inclusive,                    │
17                                            │ (DIVERSITY JURISDICTION—
                 Defendants.                  │ CLASS ACTION FAIRNESS ACT)
18

19

20

21

22

23

24

25

26

27

28

                                                    NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant AT&T Mobility LLC ("ATTM") hereby removes to this Court the state-court action described below.[1]

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by ATTM, pursuant to 28 U.S.C. §§ 1441 and 1332(d)(2)(A) for the reasons below.[2]

## BASES FOR DIVERSITY AND REMOVAL

1.     On July 1, 2010, Plaintiff Alexandra Burtescu filed a purported nationwide class action in the Superior Court of the State of California for the County of Los Angeles entitled: *ALEXANDRA BURTESCU, Individually and on Behalf of All Others Similarly Situated, Plaintiff v. AT&T MOBILITY LLC, and DOES 1 through 50, Inclusive, Defendants*; Case Number BC-440907.

2.     On July 7, 2010, ATTM was served with the Summons, Complaint, ADR Packet, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, and Notice of Case Assignment. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon ATTM are attached to this Notice of Removal as Exhibit 1

3.     This Notice has been filed timely pursuant to 28 U.S.C. § 1446(b).

4.     The California Superior Court for the County of Los Angeles is located within the Western Division of the Central District of California. 28 U.S.C. § 84(c)(2). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

---

[1]     AT&T Mobility LLC is indirectly owned by AT&T Inc., which is the only publicly held corporation with a 10% or more ownership interest in AT&T Mobility LLC.

[2]     ATTM's relationships with its customers are governed by service contracts that contain agreements to arbitrate. ATTM hereby reserves its right to compel Plaintiff to arbitrate his claims in accordance with his arbitration agreement.

1

5. The Court has jurisdiction over this action pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over putative class actions with more than 100 class members where the aggregate amount in controversy exceeds $5 million, and any member of the class of plaintiffs is a citizen of a state different from any defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

6. **Covered Class Action.** This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1435(a) & (b). Burtescu does not identify the statute pursuant to which this action is brought. *See* Compl. ¶ 15. However, in California state court, class actions are brought pursuant to the class mechanism in Section 382 of the California Code of Civil Procedure.

7. **Class Action Consisting of More than 100 Members.** In her complaint, Burtescu alleges that "the members of the Class are so numerous that joinder of all members is impracticable." Compl. ¶ 15(b). The Class is defined to include two sub-classes:

Sub-Class No. 1 – Any person and/or business entity who were mobile phone (smart phone) customers of Defendants and who purchased International Data Plans from the Defendants to cover international roaming charges billed after the customer's return to the United States.

Sub-Class No. 2 – Any person and/or business entity who were mobile phone (smart phone) customers of Defendants and who were billed after the expiration of their plan for international roaming charges actually incurred during the time their plan was in force and effect.

Complaint ¶ 15(a). Assuming the truth of Burtescu's allegations that ATTM's subscribers with international data plans were marketed to them in the manner that

2

Burtescu alleges, the aggregate number of class members greatly exceeds CAFA's requirement of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). According to ATTM's records, since October 2007, its subscribers have signed up for hundreds of thousands of international data plans. *See* Decl. of Steven Hearn ¶ 5.

8. **Diversity.** Pursuant to 28 U.S.C. § 1332(d)(2)(A), each plaintiff is a "citizen of a State different from any defendant." Burtescu alleges that she is "a resident of Los Angeles County, California." Compl. ¶ 6. By contrast, ATTM is, and was at the time of the filing of this action, a limited liability company organized and existing under the laws of Delaware, with its headquarters and principal place of business in Georgia. Decl. of Carolyn J. Wilder ¶ 3. Accordingly, Burtescu is a citizen of a state (California) different from ATTM (Delaware and Georgia (*see* 28 U.S.C. §§ 1332(c), (d)(10)), thus satisfying the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

9. **Amount in Controversy.** Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6); *see also Lowdermilk v. US Bank Nat'l Ass'n*, 479 F.3d 994, 1004 (9th Cir. 2007). While ATTM denies the claims alleged in Burtescu's Complaint and further denies that she, or any putative class member, is entitled to any monetary or injunctive relief, the amount in controversy here satisfies the jurisdictional threshold, as explained below.

10. **Amount in Controversy – Compensatory Damages.** Burtescu's Complaint itself is silent as to the amount of damages sought, but given the size of the putative class and the monetary relief sought, the amount in controversy exceeds $5 million, exclusive of interest and costs. This action is a putative nationwide class action in which Burtescu alleges that ATTM has "deceived" customers who will travel internationally "into believing that they need International Data Plans that are two or three months or more longer than needed

3

to cover their charges," thus inducing those customers to purchase "excess and unnecessary coverage from" ATTM. Compl. ¶ 12. Specifically, Burtescu alleges that although her was planning a trip abroad "last[ing] approximately three weeks," she was induced to "purchase[] from [ATTM] an International Data Plan covering her for three months." *Id.* ¶ 13. Burtescu further alleges that her experience is "typical" of that of an entire putative nationwide class of smart phone customers. *Id.* ¶ 15(e). Burtescu defines the class to include the following two sub-classes:

> Sub-Class No. 1 – Any person and/or business entity who were mobile phone (smart phone) customers of Defendants and who purchased International Data Plans from the Defendants to cover international roaming charges billed after the customer's return to the United States.

> Sub-Class No. 2 – Any person and/or business entity who were mobile phone (smart phone) customers of Defendants and who were billed after the expiration of their plan for international roaming charges actually incurred during the time their plan was in force and effect.

*Id.* ¶ 15(a). Based on these underlying allegations, Burtescu claims that ATTM violated the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) and the California False Advertising Law (*id.* §§ 17500 *et seq.*), committed breach of contract and engaged in fraud, negligent misrepresentation, and unjust enrichment. Compl. ¶¶ 16-55. Burtescu demands compensatory damages, restitution, injunctive and other equitable relief, attorneys' fees, costs and prejudgment interest. *Id.*, p. 16:7-13.

      11.    Based on the allegations contained in Burtescu's Complaint, the amount in controversy with respect to compensatory damages *alone* exceeds $5 million. In the past three years, ATTM has offered a variety of international data features. Hearn Decl. ¶ 3. According to ATTM's records, between October 1, 2007 and June 30, 2010, ATTM subscribers added an international data feature to a line of service and then cancelled it between two and four months later

4

1   approximately 146,629 times. *Id.* ¶ 5. Even if only the last month that these

2   subscribers kept these features was longer than needed—and Burtescu alleges that

3   ATTM tricks subscribers into keeping features for two or three extra months—the

4   total amount charged for that extra month was approximately $7,496,029. *Id.* ¶ 6.

5   While ATTM contends that neither Burtescu nor putative class members are

6   entitled to any damages, the amount placed in controversy by her Complaint

7   clearly exceeds $5 million.

8          12.    **Amount in Controversy – Attorneys' Fees.** Burtescu also seeks

9   attorneys' fees. Compl. p. 16:10. Thus, the Court should also consider her

10  attorneys' fees request in determining whether the amount in controversy exceeds

11  $5 million. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir.

12  2007) (*citing Gibson*, 261 F.3d at 942-43).

13         13.    In accordance with 28 U.S.C. § 1446(d), ATTM is serving Burtescu

14  with a copy of a Notice to Plaintiff of Filing of Notice of Removal of Action

15  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of that

16  Notice to Plaintiff is attached hereto as Exhibit 2 and is incorporated by reference.

17         14.    Pursuant to 28 U.S.C. § 1446(d), ATTM is also filing in the Superior

18  Court of California for Los Angeles County, and has served the same upon

19  Plaintiff, a Notice to Superior Court of Filing of Removal of Action Pursuant to 28

20  U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of that Notice to

21  Superior Court is attached hereto as Exhibit 3 and incorporated by reference.

22

23  Dated: August 6, 2010          MAYER BROWN LLP
                                    JOHN NADOLENCO
24

25                                 By: _____
26                                     John Nadolenco
                                       Attorneys for Defendant
27                                     AT&T MOBILITY LLC

28

## PROOF OF SERVICE BY MAIL

I, Cristina Villa, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, 25th Floor, Los Angeles, California 90071-1503. On August 6, 2010, I served the within document **NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** by placing true and correct copies thereof in sealed envelopes with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

*Counsel for Plaintiff*
Jerome L. Ringler, Esq.
Thomas A. Kearney, Esq.
Paul Alvarez, Esq.
Paul G. Szumiak, Esq.
Ringler Kearney Alvarez LLP
633 West Fifth Street, 28th Floor
Los Angeles, CA 90071

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 6, 2010, at Los Angeles, California.

_____
Cristina Villa

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10- 5869 DSF (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Burtescu, Alexandra

**DEFENDANTS**
AT&T Mobility LLC and Does 1 through 50, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jerome L. Ringer, Thomas A. Kearney, Paul Alvarez, Paul G. Szumiak
Ringler Kearney Alvarez LLP
633 W. 5th St., 28th Fl., Los Angeles, CA 90071; (213) 473-1900

Attorneys (If Known)
John Nadolenco
Mayer Brown LLP
350 S. Grand Ave., 25th Fl., Los Angeles, CA 90071; (213) 229-9500

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☑5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a diversity action. Jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1441, 1446(b), and 1453.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

**CV10 5869**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes .
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
   ☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Alexandra Burtescu resides in the County of Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
   ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | AT&T Mobility LLC is a limited liability company organized under Delaware law with its headquarters and principal place of business in Atlanta, Georgia |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date  August 6, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |